J-A14023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEYON TYRELL FREELAND | : | |
| | : | |
| Appellant | : | No. 1083 MDA 2021 |

Appeal from the PCRA Order Entered July 16, 2021
In the Court of Common Pleas of York County
Criminal Division at No:  CP-67-CR-0001946-2011

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED: SEPTEMBER 12, 2022**

Appellant, Keyon Tyrell Freeland, appeals from the July 16, 2021 order entered in the Court of Common Pleas of York County, denying as untimely his second motion for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends that the PCRA erred in denying his petition without a hearing because he presented meritorious issues asserting ineffectiveness of prior PCRA counsel.  Upon review, we affirm.

As the PCRA court recognized, the underlying facts of the case were previously summarized in the trial court's Rule 1925(a) opinion filed on April 17, 2012 and in this Court's memorandum opinion affirming Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence on direct appeal. ***Commonwealth v. Freeland***, 553 MDA 2021, unpublished memorandum at 1-3 (Pa. Super. filed August 23, 2012). This Court again summarized the facts in an opinion affirming the denial of Appellant's first PCRA petition. ***Commonwealth v. Freeland***, 106 A.3d 768, 772 (Pa. Super. 2014). In its Rule 1925(a) opinion in support of denial of the instant petition, Appellant's second, the PCRA court explained that Appellant was charged on January 19, 2011 with two counts of attempted homicide, two counts of aggravated assault, and one count of possession of a firearm, all in relation to the shootings of Kyree Maxfield and Ja'Quinn Barnes that occurred on January 8, 2011. PCRA Rule 1925(a) Opinion, 12/10/21, at 2.

On December 8, 2011, a jury convicted Appellant of the firearms charges and the charges relating to the shooting of Kyree Maxfield, but acquitted him with respect to the shooting of Ja'Quinn Barnes. On February 17, 2012, the trial court imposed a sentence of 14 to 28 years in prison. The court subsequently denied Appellant's post-sentence motions and this Court affirmed his judgment of sentence on August 23, 2012. ***Id.*** at 2-3. He did not seek allowance of appeal to our Supreme Court.

Appellant filed a first, timely PCRA petition on March 4, 2013. Counsel was appointed and a hearing was held on September 25, 2013. At the conclusion of the hearing, the PCRA court dismissed the petition for lack of

merit. As noted above, this Court affirmed the dismissal on December 11, 2014. ***Commonwealth v. Freeland***, 106 A.3d 768 (Pa. Super. 2014).

Appellant *pro se* filed the instant petition, his second, on January 5, 2021, alleging that his sentence for attempted murder was illegal and that counsel for his first PCRA petition was ineffective. **See** PCRA Petition, 1/5/21, at 4. Appellant did not assert any exception to the PCRA timeliness requirements in his petition, leaving blank the page of the petition designated for offering proof of any applicable exceptions. ***Id.*** at 3.

On March 5, 2021, the PCRA court issued a Rule 907 notice of intent to dismiss Appellant's petition. The Rule was reissued on April 19, 2021 and was served on Appellant at that time. Appellant filed a response on May 6, 2021. Privately retained counsel subsequently entered an appearance for Appellant and filed a supplemental response on July 12, 2021. By order entered July 16, 2021, the court dismissed the petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his Rule 1925(b) statement, Appellant listed eleven issues that he intended to raise on appeal. Rule 1925(b) Statement, 9/7/21, at ¶ 10(a)(1-11). In his brief, Appellant presents the following issue for our review:

> I. Whether the trial court erred in denying Appellant's petition for post conviction collateral relief without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure?

Appellant's Brief at 4.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Where the record supports the PCRA court's findings of fact, they are binding on this Court. *Commonwealth v. Watkins*, 108 A.3d 692, 701 (Pa. 2014). We review the PCRA court's legal conclusions *de novo*. *Id.*

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether his PCRA petition was timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

In this instance, Appellant's judgment became final on September 23, 2012, thirty days after this Court affirmed his judgment of sentence. Therefore, Appellant had until September 23, 2013 to file a PCRA petition.

- 4 -

His petition, filed on January 5, 2021, is facially untimely. Therefore, unless Appellant has pleaded and proved an exception to the PCRA's time bar, we may not address his substantive claims.

In its July 16, 2021 order dismissing Appellant's petition, the PCRA court noted that it considered the petition, as well as the responses filed by Appellant and by privately retained counsel to the court's Rule 907 notice. The court explained that it dismissed the petition for the reasons set forth in its Rule 907 notice. Order, 7/16/21, at 1. The court also offered its reasons for rejecting the additional contentions asserted in the Rule 907 responses. *Id.* at 1-3.

Pertinent to our assessment of the timeliness of the petition, the court concluded that the "petition is facially untimely." Rule 907 Notice at 1. "By your own admission in the PCRA petition, your time period within which to file a petition had long expired by that date." *Id.* at 3. The court considered Appellant's assertions that his sentences were illegal and that both trial and PCRA counsel were ineffective but determined that those issues did not meet any timeliness exceptions under the PCRA. *Id.* at 3-4.[1] We agree with the PCRA court's analysis and conclusions.

_____

[1] In the July 16, 2021 order, the court did not further address the timeliness issue.

- 5 -

In his brief, Appellant asserts that "any claim of an illegal sentence may be raised at any time and cannot be waived." Appellant's Brief at 9. It is unquestioned that an illegal sentence can be remedied through PCRA relief. *See* 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief"); *Commonwealth v. McIntyre*, 232 A.3d 609, 617 (Pa. 2020). However, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

Because the instant PCRA petition is facially untimely and Appellant failed to plead and prove the applicability of any exception to the time bar of the PCRA, we have no jurisdiction to entertain the merits of the instant PCRA petition. *See Chester*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/12/2022